UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNER ESTANLY HERCULES CHICAS (A-Number: 242-261-503),

Petitioner,

v.

CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-08411-KES-EGC (HC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN DAYS**

Doc. 1

Petitioner Kennner Estanly Hercules Chicas is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. Petitioner seeks release or a bond hearing before a neutral decisionmaker. *Id.* at 7. Respondent notes that "[t]he detention is discretionary under 8 U.S.C. §1226(a)," and "has no objection to the Court ordering a bond hearing." Doc. 5 at 1.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to provide petitioner Kenner Estanly H.C. (A-Number: 242-261-503) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations

within seven (7) days of the date of this Order. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond, as well as alternative conditions of release in lieu of detention without bond. If respondent does not provide petitioner with a bond hearing within ten (10) days, then respondent must release him.[1]

The Clerk of Court is directed to close this case, terminate all pending motions, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 22, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondent may detain petitioner in the event he becomes subject to an executable final order of removal.